

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
12/20/2013

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 12-35341 |
| LARRY MOTTU GUERRERO | § | CHAPTER 7 |
| | § | |
| Debtor(s). | § | DAVID R. JONES |
| | § | |
| | § | |
| WILLIAM KING SATTERWHITE | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 12-03524 |
| | § | |
| LARRY MOTTU GUERRERO, *et al* | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION
(Docket Nos. 145 and 175)

Before the Court for consideration is Plaintiff's Motion to Dismiss for Lack of Jurisdiction filed by William King Satterwhite. After considering the arguments, the evidence and the applicable law, the motion to dismiss is denied for the reasons set forth below. The Court will grant limited relief with respect to Mr. Satterwhite's request for remand. The request for an award of $30,000 in attorney's fees is denied. An order consistent with this opinion will issue.

### The State Court Litigation

On or about October 1, 2010, Mr. Satterwhite filed a *pro se* lawsuit against Larry Robert Guerrero and Brandon Cruz in the 329th Judicial District Court of Wharton County, Texas (the "State Court Litigation") [Docket No. 1, Exhibit 2, page 1]. In his original petition, Mr. Satterwhite asserted claims for malicious prosecution, libel, slander and defamation of character arising out of an alleged trespass on Mr. Larry Robert Guerrero's property by Mr. Satterwhite. Mr. Satterwhite amended his petition on or about September 25, 2012 to add Larry Mottu Guerrero and Grady Smith[1] as defendants [Docket No. 1, Exhibit 3, page 8].

Mr. Satterwhite filed his third-amended petition on or about November 28, 2012 to add the City of Wharton and Timothy Guin as defendants [Docket No. 1, Exhibit 4, page 8]. In his third amended petition, Mr. Satterwhite asserted claims against all defendants for slander, libel,

---

[1] Mr. Smith is an officer with the Wharton Police Department.

defamation of character, malicious prosecution, false imprisonment and malicious and intentional infliction of severe emotional pain and suffering [Docket No. 1, Exhibit 4, pages 8-12]. Mr. Satterwhite also asserted claims against the City of Wharton, Timothy Guin[2] and Grady Smith under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. The filing of the third-amended petition violated the automatic stay under 11 U.S.C. § 362 in two bankruptcy cases pending before this Court.

On December 21, 2012, the City of Wharton, Grady Smith and Timothy Guin removed the State Court Litigation to this Court pursuant to 28 U.S.C. §§ 1334 and 1452 [Docket No. 1].

## The Bankruptcy Cases

### Larry Mottu Guerrero

Larry Mottu Guerrero filed a voluntary chapter 7 case on July 16, 2012 [Docket No. 1, Case No. 12-35341]. The case was dismissed at Mr. Guerrero's request by Order entered September 12, 2012 [Docket No. 22, Case No. 12-35341]. The case was reinstated at the chapter 7 trustee's request by Order entered October 9, 2012 [Docket No. 34, Case No. 12-35341]. The case remains pending.

On January 29, 2013, Mr. Satterwhite filed a proof of claim in Larry Mottu Guerrero's case in the amount of $25,000 arising out of a judgment entered against "Larry Guerrero" that Mr. Satterwhite purchased from a third-party creditor [Claims Docket No. 7, Case No. 12-35341]. On the same day, Mr. Satterwhite filed a second proof of claim in Larry Mottu Guerrero's case in the amount of $500,000 based on the State Court Litigation [Claims Docket No. 8, Case No. 12-35341].

On April 25, 2013, Larry Mottu Guerrero filed an objection to Claim No. 8 filed by Mr. Satterwhite [Docket No. 77, Case No. 12-35341]. On June 3, 2013, Mr. Satterwhite filed a notice of withdrawal of Claim No. 8 [Docket No. 80, Case No. 12-35341]. On June 4, 2013, Mr. Satterwhite rescinded his withdrawal of Claim No. 8 on the record in open court [Docket No. 81, Case No. 12-35341]. On June 19, 2013, Larry Mottu Guerrero withdrew his objection based on Mr. Satterwhite's filing of an amended petition in the State Court Litigation [Docket No. 90, Case No. 12-35341].

### Larry Robert Guerrero

Larry Robert Guerrero filed a voluntary chapter 13 case on September 25, 2012 [Docket No. 1, Case No. 12-37082]. The case remains pending.

On January 29, 2013, Mr. Satterwhite filed a proof of claim in Larry Robert Guerrero's case in the amount of $25,000 arising out of the same judgment against "Larry Guerrero" that Mr. Satterwhite used as the basis for filing a claim against Larry Mottu Guerrero [Claims Docket No. 19, Case No. 12-37082]. In light of the representation required when a proof of claim is signed and filed, Mr. Satterwhite's actions appear to, at a minimum, constitute a fraud on the

---

[2] Mr. Guin is the chief of police for the Wharton Police Department.

Court and potentially violate Title 18.  The Court will take appropriate action once this issue is properly before the Court and Mr. Satterwhite has been afforded the opportunity for a hearing on this specific issue.  Mr. Satterwhite also filed a second proof of claim in Larry Robert Guerrero's case in the amount of $500,000 based on the State Court Litigation [Claims Docket No. 20, Case No. 12-37082].

On March 1, 2013, Larry Robert Guerrero filed an objection to Claim No. 20 filed by Mr. Satterwhite [Docket No. 56, Case No. 12-37082].  On March 29, 2013, the Court approved an agreed order signed by Mr. Satterwhite and counsel for Larry Robert Guerrero disallowing Claim No. 20 in its entirety [Docket No. 66, Case No. 12-37082].

The Court confirmed Larry Robert Guerrero's chapter 13 plan by Order entered August 13, 2013 [Docket No. 111, Case No. 12-37082].  Mr. Satterwhite appealed the confirmation order on August 28, 2013 [Docket No. 114, Case No. 12-37082].  The appeal was dismissed for want of prosecution on October 23, 2013 [Docket No. 121, Case No. 12-37082].

### Proceedings in the Adversary

On January 23, 2013, Mr. Satterwhite filed a motion requesting this Court to abstain and/or equitably remand this adversary to state court [Docket No. 2].  In his motion, Mr. Satterwhite admitted that this Court has "related to" jurisdiction over this adversary.  On March 20, 2013, the Court convened a hearing to consider the motion [Docket No. 33].  On Mr. Satterwhite's request, the Court continued the hearing to April 25, 2013 [Docket No. 33].  After hearing from the parties on April 25, 2013, the Court denied the motion [Docket No. 42].

On February 7, 2013, the City of Wharton, Timothy Guin and Grady Smith filed a motion to withdraw the automatic reference in this adversary based on their demand for a jury trial [Docket No. 4].  The motion was withdrawn on June 18, 2013 [Docket No. 99].

On March 1, 2013, the parties filed their Joint Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure [Docket No. 18].  In the report, Mr. Satterwhite acknowledges the Court's jurisdiction if the defendants properly removed the case from state court [Docket No. 18].

On March 13, 2013, Mr. Satterwhite filed his motion seeking a default judgment against Grady Smith [Docket No. 24].  The motion was denied without prejudice by Order entered April 8, 2013 [Docket No. 35].

On March 13, 2013, Mr. Satterwhite filed his motion seeking a determination that counsel for the City of Wharton, Grady Smith and Timothy Guin had a conflict of interest [Docket No. 26].  The Court denied the motion by Order entered April 8, 2013 [Docket No. 36].

On March 14, 2013, Mr. Satterwhite filed his motion seeking a default judgment against Timothy Guin [Docket No. 25].  The motion was denied without prejudice by Order entered April 8, 2013 [Docket No. 34].

On March 18, 2013, Mr. Satterwhite filed his Fourth Amended Complaint without leave of court [Docket No. 30]. In his complaint, Mr. Satterwhite concedes that this Court has jurisdiction if the removal was proper [Docket No. 30]. The Court authorized the filing of the Fourth Amended Complaint on the record on March 20, 2013 [Docket No. 33].

On April 24, 2013, the City of Wharton filed its motion to dismiss under FED. R. CIV. P. 12(b)(6) [Docket No. 40]. Mr. Satterwhite did not file a written response to the motion. On April 30, 2013, Timothy Guin and Grady Smith filed their motion to dismiss under FED. R. CIV. P. 12(b)(6) [Docket No. 46]. Mr. Satterwhite filed his response to the Guin/Smith motion on June 20, 2013 [Docket No. 102]. On June 21, 2013, the Court conducted a hearing on the motions. At the conclusion of the hearing, the Court (i) dismissed all state law claims against the City of Wharton; (ii) dismissed all state law claims against Grady Smith and Timothy Guin in their official capacities; (iii) allowed Mr. Satterwhite to re-plead a claim for negligence against the City of Wharton; and (iv) found Mr. Satterwhite's § 1983 claims to be defective but allowed Mr. Satterwhite an opportunity to file an amended complaint by July 31, 2013 [Docket No. 121].

Mr. Satterwhite did not appeal the Court's dismissal order nor did he file an amended complaint. On August 12, 2013, the City of Wharton filed its second motion to dismiss based on Mr. Satterwhite's failure to file an amended complaint [Docket No. 140]. The Court granted the motion by Order entered August 13, 2013 [Docket No. 142].

On April 30, 2013, Larry Mottu Guerrero filed his motion to dismiss under FED. R. CIV. P. 12(b)(6) [Docket No. 50]. The Court conducted a hearing on the motion on June 21, 2013. At the hearing, Mr. Satterwhite made an oral motion to dismiss Larry Mottu Guerrero from the litigation which the Court granted [Docket Entry between No. 111 and No. 112].

On April 30, 2013, Larry Robert Guerrero filed his motion to dismiss under FED. R. CIV. P. 12(b)(6) and request for sanctions based on the agreed disallowance of Mr. Satterwhite's proof of claim in the main bankruptcy case [Docket No. 48]. Mr. Satterwhite filed his response on June 20, 2013 and alleged that the agreed order was procured by fraud [Docket No. 104]. On June 21, 2013, the Court conducted a hearing on the motion to dismiss. In granting the motion to dismiss, this Court found that Mr. Satterwhite failed to adduce any evidence of fraud and prosecuted the motion in bad faith [Docket No. 112]. The Court imposed sanctions in the amount of $2,240.00 against Mr. Satterwhite [Docket No. 112]. Mr. Satterwhite appealed the Court's dismissal order on July 5, 2013 [Docket No. 120]. When Mr. Satterwhite failed to pay the sanctions, Larry Robert Guerrero filed a motion for the appointment of a receiver [Docket No. 136]. After conducting a hearing on the motion, the Court appointed a receiver by Order entered August 14, 2013 [Docket No. 144].

On June 20, 2013, Mr. Satterwhite filed his "plea to the jurisdiction" [Docket No. 101]. In the pleading, Mr. Satterwhite asserts that the Court lacks jurisdiction over this adversary because (i) the State Court Litigation could have no effect on the bankruptcy estate of Larry Mottu Guerrero because his claims are nondischargeable[3]; and (ii) the basis for removal is limited to 28 U.S.C. § 1331 and section 1331 does not apply.

---

[3] The Court notes that no complaint under 11 U.S.C. § 523 has ever been filed. The deadline to file such a complaint has long since passed.

On August 14, 2013, Mr. Satterwhite filed his motion to dismiss for lack of jurisdiction [Docket No. 145]. In the motion, Mr. Satterwhite asserts this Court lacks jurisdiction because (i) the State Court Litigation was improperly removed; (ii) the State Court Litigation could have no effect on Larry Mottu Guerrero's chapter 7 bankruptcy estate; and (iii) there is no original jurisdiction under 28 U.S.C. § 1452(a). Mr. Satterwhite requested that all of the Court's prior orders be vacated, that the defendants (except for Brandon Cruz) pay him $30,000 in legal fees; and that the litigation be returned to Wharton County as it existed at the time of removal.

On November 20, 2013, the Court conducted a hearing on Mr. Satterwhite's motion. The Court admitted 13 documents and heard testimony from Mr. Satterwhite.

## Analysis

The Court has jurisdiction to determine the extent of its own jurisdiction under 11 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157. The Court has constitutional authority to enter a final order with respect to Mr. Satterwhite's motion.

## Removal

Mr. Satterwhite first asserts that this Court has no jurisdiction due to improper removal. Specifically, Mr. Satterwhite states that the removing parties failed to obtain the consent of all defendants as required by 28 U.S.C. § 1446. Section 1446 requires consent of all defendants when an action is removed solely under 28 U.S.C. § 1441(a). 28 U.S.C. § 1446(b)(2)(A). The State Court Litigation, however, was removed under 28 U.S.C. § 1452, not § 1441.

Section 1452 provides that "[a] party may remove any clam or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Because any one ***party*** may remove an action under § 1452, consent is irrelevant. *See California Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004); *Creasy v. Coleman Furniture*, 763 F.2d 656, 660 (4th Cir. 1985); *In re Performance Interconnect Corp.*, 2007 WL 2088281 *5 (Bankr. N.D. Tex. July 19, 2007); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 2004 WL 1237497 *19 (S.D. Tex. May 20, 2004); *Sommers v. Abshire*, 186 B.R. 407, 409 (E.D. Tex. 1995). The Court finds these decisions compelling. Moreover, such an interpretation furthers the policy of decreasing bankruptcy litigation costs and centralizing the administration of bankruptcy cases.

Mr. Satterwhite relies upon the decision in *Orion Refining Corp. v. Fluor Enterprises, Inc.*, 319 B.R. 480 (E.D. La. 2004) for the proposition that the rule of unanimity applies to cases removed based on bankruptcy court jurisdiction. *Orion* draws a distinction between the removal of causes of action and the removal of entire cases. *Orion* has been generally disfavored by reviewing courts. This Court finds *Orion*'s reasoning to be illogical. Consider the following example. If a debtor and a third party were sued on four different legal theories, *Orion* would allow the removal of three of the asserted claims under § 1452 without the consent of all parties but would require unanimous consent if all four claims were removed. This Court believes that

the concerns expressed in *Orion* are more properly addressed in a motion for abstention or equitable remand once removed. The Court rejects the reasoning in *Orion*. The Court finds that the removal of the State Court Litigation was proper.

## Jurisdiction

A proper removal is, however, only the beginning point in the Court's analysis. Bankruptcy court jurisdiction is established by 28 U.S.C. § 1334. Section 1334 grants jurisdiction to the district courts to preside over all cases filed under title 11 as well as all civil proceedings arising under title 11 or related to cases under title 11. *See* 11 U.S.C. § 1334(a) and (b). In turn, district courts may refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy courts. 28 U.S.C. § 157(a).

For jurisdictional purposes, it is not necessary to distinguish whether a matter "arises under", "arises in" or is "related to." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987). The Court need only to determine if the matter is at least "related to" the pending bankruptcy case to determine if jurisdiction exists. *Id.* Proceedings are "related to" if the outcome "*could* conceivably have any effect on the estate being administered in bankruptcy." *Bass v. Denney (In re Bass)*, 171 F.3d, 1016, 1022 (5th Cir. 1999). A "conceivable effect" is a proceeding that "could alter the Debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankruptcy estate." *Fire Eagle, LLC v. Bischoff (In re Spillman Dev. Group, Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013) (quoting *Blackburn-Bliss Trust v. Hudson Shipbuilders, Inc. (In re Shipbuilders, Inc.)*, 794 F.2d. 1051, 1055 (5th Cir. 1986)).

Mr. Satterwhite asserts that related to jurisdiction does not exist because the outcome of the litigation could have no meaningful effect on Larry Mottu Guerrero's chapter 7 estate due to (i) the anticipated lack of a meaningful distribution to creditors; and (ii) the assertion that the claims are nondischargeable. Even if true, the Court disagrees. The proof of claim filed by Mr. Satterwhite is the largest claim filed in Larry Mottu Guerrero's case and represents approximately 50% of the total unsecured claims filed in the case. The resolution of Mr. Satterwhite's claim has a profound impact on the administration of the case. Second, whether a claim is dischargeable or not has no effect on the right to a distribution from the estate. Third, no dischargeability complaint was timely filed. Moreover, Mr. Satterwhite fails to address the effect on the chapter 13 case filed by Larry Robert Guerrero. If Mr. Satterwhite's claim remains disallowed, unsecured creditors receive 100% of their claims. If Mr. Satterwhite's claim is allowed as filed, that distribution falls to less than 2%. The Court finds that such an impact is meaningful.

Mr. Satterwhite relies primarily on the District Court's decision in *Wolinsky v. Oak Tree Imaging, LP*, 362 B.R. 770 (S.D. Tex. 2007) for his assertion that related to jurisdiction does not exist. Mr. Satterwhite's reliance on *Wolinsky* is inapposite. The *Wolinsky* case involved litigation between two non-debtor entities over an investment in the debtor. The district court's analysis concerned whether it had supplemental jurisdiction over the claims in a withdrawn

adversary proceeding under 28 U.S.C. § 1367. In deciding to remand the withdrawn adversary, the district court declined to reach an answer on the issue.

The Court finds that it has related to jurisdiction over this adversary proceeding. Mr. Satterwhite's motion to dismiss for lack of jurisdiction is denied. In addition, Mr. Satterwhite requests that (i) all orders entered in this case be vacated; (ii) the Court award him fees in the amount of $30,000 and (iii) the case be remanded to state court. The request to vacate all orders in this case is denied as the Court had jurisdiction to enter all such orders. The request for fees is denied as Mr. Satterwhite failed to establish any entitlement to attorney fees. With respect to the request to remand, the only remaining claims that have not been resolved are Mr. Satterwhite's claims against Brandon Cruz. Mr. Cruz has not appeared in this adversary proceeding nor does Mr. Cruz have any apparent connection to the two bankruptcy cases pending before this Court. Accordingly, the Court will remand Mr. Satterwhite's claims against Brandon Cruz to the 329th Judicial District Court of Wharton County, Texas. All other matters are retained pending the entry of a final judgment.

A separate order consistent with this opinion shall issue.

**SIGNED: December 20, 2013.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**